# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE R. KELLY,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 17-05587-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On July 27, 2017, Gene R. Kelly ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on November 9, 2017. On June 14, 2018, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 52-year-old male who applied for Social Security Disability Insurance benefits on April 27, 2013, alleging disability beginning April 16, 2012. (AR 20.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 16, 2012, the alleged onset date. (AR 22.)

Plaintiff's claim was denied initially on August 19, 2013, and on reconsideration on April 17, 2014. (AR 20.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Richard T. Breen on October 29, 2015, in Los Angeles, California. (AR 20.) Although informed of the right to representation, Claimant chose to appear and testify without the assistance of an attorney of other representative. (AR 20.) Medical expert ("ME") Darius Ghazi, M.D. and vocational expert ("VE") Gail L. Maron also appeared and testified at the hearing. (AR 20.)

The ALJ issued an unfavorable decision on February 4, 2016. (AR 20-27.) The Appeals Council denied review on May 30, 2017. (AR 1-4.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly rejected Dr. Kim's opinion.
2. Whether the ALJ properly rejected Plaintiff's pain and symptom testimony.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial activity since April 16, 2012, the alleged onset date. (AR 22.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: degenerative disc disease; gout; status post left knee meniscectomy; and obesity. (AR 22.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 23.)

The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), with the following limitations:

> No more than standing and/or walking three hours out of an eight hour workday; never climbing ladders and scaffolds; and no exposure to unprotected heights.

(AR 23-26.) In determining the above RFC, the ALJ made an adverse credibility determination that Plaintiff's subjective symptom allegations are "not entirely credible." (AR 24.)

At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a prop maker. (AR 26.) The ALJ, however, also found that, considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of sewing machine operator, cashier II, and addresser. (AR 26-27.)

Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act. (AR 27.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly considered the medical evidence. The ALJ properly discounted Plaintiff's subjective symptom allegations. The ALJ's RFC for Plaintiff is supported by substantial evidence.

### I. THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE

Plaintiff contends that the ALJ improperly discounted the opinion of his treating physician, Dr. Richard Kim. The Court disagrees.

**A.     Relevant Federal Law**

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial

evidence only when it is consistent with and supported by other independent evidence in the record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.    Analysis**

Plaintiff contends that he is unable to work due to back, knee, and overall pain from gout and cannot sit for longer than 13 minutes before shifting positions.  (AR 24.)  He also alleges that his joints swell up causing pain that prevents him from moving or walking for significant periods.  (AR 24.)  The ALJ determined that Plaintiff has the medically determinable severe impairments of degenerative disc disease, gout, status post left knee meniscectomy, and obesity.  (AR 22.)  Notwithstanding these impairments, however, the ALJ assessed a light work RFC with limitations to three hours of standing and walking, never climbing ladders and scaffolds, and no exposure to unprotected heights.  (AR 23.)

The medical evidence shows Plaintiff has a long history of gout, and knee, and low back pain.  (AR 24.)  He had a left knee ligament repair in 2006.  (AR 24.)  A February 2014 MRI of the right knee showed no evidence of any meniscal tear, but there was degeneration of the medial meniscus, chronic sprain of the medial collateral ligament and tricompartmental osteoarthritis.  (AR 24.)  A May 2012 lumbar X-ray showed multilevel degenerative changes.  A July 2012 MRI of the lumbar spine showed disc bulges with central canal stenosis.  (AR 24.)  He also received lumbar steroidal injections in October 2012, January 2013, and May 2013 with reported relief.  (AR 24.)

The ALJ found that Plaintiff's treatment was conservative except for the three injections noted above.  (AR 24.)  Since then, Claimant's symptoms have been largely relieved with medication that provided moderate to significant relief which allows him to remain functional.  (AR 24.)  His treating orthopedist advised against surgery unless his condition worsened.  (AR 24.)  At times Plaintiff has done well with physical therapy and denied radicular symptoms.  (AR 25.)  He also has had a negative straight leg raise test, a normal gait, full range of motion, full motor strength, and a normal neurological and reflex examination.  (AR 25.)

For medical opinions regarding Plaintiff's RFC, the ALJ gave great weight to the opinion of the testifying medical expert, Dr. Darius Ghazi.  (AR 25, 38-48.)  Having reviewed the entire

file as of the date of the hearing, he opined that due to Claimant's back, knee, and gout impairments he would be limited to light work and could lift up to 20 pounds with limitations to three hours out of an eight hour workday, and no climbing of ladders, ropes, or scaffolds and no exposure to heights. (AR 25, 42-45.) Two State agency reviewing physicians in 2013 and 2014 opined that Plaintiff was capable of light work, including walking and standing six hours in an eight hour workday. (AR 25, 78-83; 89-94.) The ALJ gave greater weight to Dr. Ghazi's opinion because he had a greater longitudinal perspective of the medical record. (AR 25.)

Subsequent to the hearing, more medical records (13F) were obtained that include a progress note of Dr. Richard Kim dated April 17, 2015. (AR 25, 31, 466, 500-501.) Dr. Kim examined Plaintiff and opined that he can walk for 2 hours without any weights and would be unable to lift more than 20 pounds and bending is not recommended. (AR 25, 501.) He also found that Plaintiff had mild bursal swelling in his elbows but his ankles, knees, wrists, and hands were "unremarkable." (AR 501.) His back was not tender. (AR 501.) There is no evidence that Dr. Kim treated Plaintiff more than once.

The ALJ gave Dr. Kim's opinion partial weight because it is "mostly consistent with the medical evidence and treatment." (AR 25.) The ALJ, however, determined that "Dr. Ghazi's assessment that [Plaintiff] can walk for three hours is given greater weight due to his greater longitudinal perspective of the medical record." (AR 25.) Plaintiff contends that the ALJ erred in giving greater weight to Dr. Ghazi due to his greater longitudinal perspective. Plaintiff observes that Dr. Ghazi did not have the entire record before him when he testified, including Dr. Kim's opinion.

This is a curious argument for Plaintiff to make because Dr. Kim's progress note does not indicate that he reviewed <u>any</u> medical records (AR 500-501), including those submitted after the hearing. (AR 466-499.) The Ninth Circuit gives limited weight to an opinion based on a one-time examination without review of medical records. <u>Reddick v. Chater</u>, 157 F.3d 715, 727 (9th Cir. 1998). Dr. Ghazi by contrast reviewed most of the medical records, which include Exhibits 1 through 8. (AR 213-455.) Factually, then, Dr. Ghazi reviewed a far wider range of Plaintiff's medical records than did Dr. Kim. The Appeals Council, moreover, found that the

medical records submitted after the hearing do not show a reasonable probability of changing the outcome of the decision. (AR 2.) Additionally, at the hearing on October 29, 2015, Plaintiff presented new medical opinions from Dr. Roger Lind and nurse practitioner Elizabeth Tighe that became Exhibits 10F and 11F. (AR 25, 46-47, 49, 460, 462.) Those one-page opinions assert that Plaintiff is permanently disabled. (AR 25, 46-47, 460, 462.) Unlike Dr. Kim who never considered these documents, the ALJ advised Dr. Ghazi, still present at the hearing by telephone (AR 25, 36), that Dr. Lind and Nurse Tighe had opined that Plaintiff was permanently disabled "based on pain complicated by gout and arthritis." (AR 46-47.) Asked if these opinions changed his assessment, Dr. Ghazi replied no, stating Plaintiff's back issue, arthritis, and stenosis are age appropriate. (AR 48.) The ALJ, moreover, rejected the opinions of Dr. Lind and Nurse Tighe as "conclusory." An ALJ may reject a treating physician's opinion that is "conclusory, brief and unsupported by the record as a whole . . . or by objective medical findings" and that is contradicted by other assessments. Batson v. Comm'r, 359 F.3d 1190, 1195 at n.3 (9th Cir. 2004); Bayliss, 427 F.3d at 1216. Plaintiff has not challenged or mentioned the ALJ's rejection of the opinions of Dr. Lind and Nurse Tighe. The ALJ's finding that Dr. Ghazi had a greater longitudinal perspective than Dr. Kim is a specific, legitimate reason supported by substantial evidence for rejecting Dr. Kim's two hour limitation on standing and walking.

      Dr. Kim, moreover, does not explicitly assess a light or sedentary RFC. Dr. Kim's RFC contains limitations consistent with both light work (lifting 20 pounds) and sedentary work (walking and standing two hours). Light work generally requires lifting up to 20 pounds. 20 C.F.R. § 404.1567(b); SSR 83-10, at *5. Sedentary work generally involves standing and walking no more than 2 hours. SSR 83-10, at *5. Plaintiff postulates that Mr. Kelly was closely approaching advanced age on the ALJ decision date and if limited to sedentary work would be deemed disabled under Rule 201.14 of the Medical-Vocational Guidelines ("Grids"), 20 C.F.R. Part 404, Subpart P, Appendix 2. If classified as limited to light work, he would be deemed not disabled. The Grids, however, are not determinative here because of limitations that erode the light occupational base. (AR 26-27.) The ALJ properly asked the VE whether there were jobs

in the national economy that Plaintiff could perform with the proposed light work RFC (based on Dr. Ghazi's opinion) that limits him to three hours standing and walking.[1] (AR 27, 67-68.) The VE testified that with the ALJ's proposed limitations Plaintiff could perform the light unskilled jobs of semi-automatic sewing machine operator and cashier II. (AR 27, 67-68.) Eroding the occupational base of these jobs by 70% to account for the three hour standing and walking limitation, there would still be over 600,000 jobs available, more than sufficient to meet the Commissioner's step five burden to demonstrate a significant number of jobs in the national economy that Claimant could perform. (AR 27, 67-68.) See Gutierrez v. Colvin, 740 F.3d 519, 527-29 (9th Cir. 2014) (25,000 jobs in California or nationally is a significant number).

Thus, the ALJ's light work RFC with a three hour limitation on standing and walking is supported by the medical evidence. The VE's testimony establishes that there is work in the national economy that Plaintiff can perform. Plaintiff disagrees with the ALJ's rejection of Dr. Kim's opinion based on Dr. Ghazi's light work RFC with a three hour walking and standing limitation. It is the ALJ's responsibility, however, to resolve conflicts in the medical evidence. Andrews, 53 F.3d at 1039. Where an ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d at 853, 857 (9th Cir. 2001).

The ALJ properly considered the medical evidence. The ALJ rejected the opinion of Dr. Kim that Plaintiff was limited to two hours standing and walking for specific, legitimate reasons supported by substantial evidence.

**II.    THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S SUBJECTIVE SYMPTOMS**

Plaintiff contends that the ALJ erred in discounting his subjective symptom allegations. The Court disagrees.

---

[1] Plaintiff argues that the ALJ erred in not including Dr. Kim's two hour standing and walking limitation in his hypothetical question to the VE. Yet an ALJ is not required to include limitations that have been rejected in his hypothetical question to the VE. Rollins, 261 F.3d at 857.

**A.     Relevant Federal Law**

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 857; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.     Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause his alleged symptoms. (AR 24.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of these symptoms are "not entirely credible." (AR 24.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008). The ALJ did so.

First, the ALJ found that Plaintiff's subjective symptom allegations are inconsistent with the medical evidence. (AR 24-25.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th

Cir. 2005). The objective medical evidence (AR 24-25) and opinion of Dr. Ghazi (AR 25) support the light work RFC with a standing and walking limitation of three hours in an eight hour workday. With Dr. Ghazi's RFC, there is work in the national economy that Plaintiff can perform. (AR 26-27.)

Second, the ALJ found Plaintiff was able to obtain effective relief with medication. Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments that can be controlled with medication are not disabling). Here, the ALJ found that since May 2013 Claimant's symptoms appeared to mostly be relieved with painkillers and Uloric for his gout. (AR 24.) His pain management specialists indicated Plaintiff's medications provide moderate to significant relief, and allow him to remain functional in his daily activities. (AR 24.) His treating orthopedist advised against surgery unless his symptoms worsen. (AR 24.)

Third, the ALJ found that Plaintiff's daily activities were inconsistent with disabling limitations, which is a legitimate consideration in evaluating credibility. Bunnell, 947 F.2d at 345-46. The ALJ noted that Plaintiff lives with his 70 year old mother and performs light housework and cleaning. (AR 25.) He also drove a substantial distance in rush hour traffic to the hearing, which indicates his sitting allegations are not as serious as alleged. (AR 25.) Plaintiff argues that these activities do not prove he can work but they do suggest that Claimant has greater functional abilities than alleged. See Valentine v. Commissioner, 574 F.3d 685, 694 (9th Cir. 2009) (daily activities did not suggest Claimant could return to work but did suggest Claimant's claims about the severity of his limitations were exaggerated).

The ALJ also proffers a lack of treatment for almost a year (AR 24), which can be a valid reason for discounting credibility. Tommasetti, 533 F.3d at 1039. Here, however, records obtained after the hearing and submitted to the Appeals Council include medical treatment records for 2015 and 2016. The Court therefore considers the ALJ's lack of treatment finding unsupported by substantial evidence. The ALJ's error, however, was harmless because there were other valid reasons for discounting Plaintiff's credibility, as discussed above. The Ninth Circuit repeatedly has held that an error is harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony but also provided valid reasons that were

supported by the record.  Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012); Carmickle v. Comm'r Soc. Sec. Adm., 533 F.3d 1155, 1162-63 (9th Cir. 2008).

Plaintiff disputes the ALJ's adverse credibility determination, but again it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039.  Where, as here, the ALJ's interpretation of the record is reasonable, it should not be second-guessed.  Rollins, 261 F.3d at 857.

The ALJ discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence.  The ALJ's RFC is supported by substantial evidence.

* * *

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

## ORDER

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: September 19, 2018

/s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE